# CORNELL
LAW OFFICES OF ROSS CORNELL
— APC —

Ross Cornell, Esq.   (SBN 210413)
Post Office Box 1989, Suite 305
Big Bear Lake, CA 92315
rc@rosscornelllaw.com
Phone:  (562) 612-1708
Fax: (562) 394-9556

Attorneys of Record for Plaintiff,
Bryan Estrada

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryan Estrada, | Case No. 5:22-cv-48 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Mill Restaurant, Inc.; Murrieta Plaza HD, LLC; Linda Westfall; Adam Bouvet and Does 1-10, inclusive, | |
| Defendants. | |

-1-
**COMPLAINT**

**NATURE OF THE ACTION**

1.  This is an action seeking to remedy unlawful discrimination by the Defendants against the Plaintiff in the Defendants' places of public accommodation in violation of the Americans with Disabilities Act [42 *U.S.C.* § 12101, *et seq.*] (the "ADA").

**PARTIES**

2.  Plaintiff, Bryan Estrada, is a paraplegic resident of the state of California, County of Riverside, who requires the use of a wheelchair for mobility purposes and who is therefore a "person with a disability" within the meaning of the ADA and *Cal.Government Code* § 12926.

3.  The Defendants (defined below) discriminates against People with mobility disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations on the basis of their mobility disability at the Subject Property (defined below) in violation of the ADA [42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and 12182(b)(2)(A)(v)].

4.  The Defendant's failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities prevented people with mobility disabilities from enjoying fair and equal access to the Subject Property (defined below) in violation of the ADA [42 U.S.C. § 12182(b)(2)(A)(ii)].

5.  Defendant, The Mill Restaurant, Inc., owns, operates, or leases real property located at 24690 Washington Ave, Murrieta, CA 92562, also known as Riverside County Assessor's Parcel No. 906-101-007 (the "Subject Property").

**COMPLAINT**

6.     Defendant, Murrieta Plaza HD, LLC, owns, operates, or leases the Subject Property.

7.     Defendant, Linda Westfall, owns, operates, or leases the Subject Property.

8.     Defendant, Adam Bouvet, owns, operates, or leases the Subject Property.

9.     The Subject Property is a commercial facility open to the general public, is a public accommodation, and is a business establishment insofar as goods and/or services are made available to the general public thereat. Defendant Does 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to the Plaintiff.  When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that the harm to Plaintiff herein alleged were proximately caused by those Defendants.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant 28 U.S.C. § 1331and28 U.S.C. §§1343(a)(3) and 1343(a)(4) for violations of the ADA.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) based on the fact that the real property that is the subject of this action is located in this district and the Plaintiff's causes of action arose in this district.

## **STATEMENT OF FACTS**

12.     Parking spaces, accessible aisles, paths of travel, signage, doorways, service counters, customer areas and goods/services are among the facilities, privileges and advantages offered by the Defendants to patrons of the Subject Property.

13.     The Subject Property does not comply with the minimum requirements of the ADA and is therefore not equally accessible to persons with mobility disabilities.

14.     In January, 2021 and continuously from that time to the Present, and currently, the Subject Property has not been in compliance with the ADA (the "Barriers"):

A.     The designated "accessible" parking space(s) and/or blue striped access aisles provided at the Subject Property are smaller than permitted by the ADA.

B.     There was no designated "van accessible" parking space with a corresponding 96" access aisle opposite the driver's side when the vehicle is going forward into the parking space and no sign or additional language stating "Van Accessible" below the symbol of accessibility located in a manner that is not obstructed.

C.     The parking spaces and access aisles provided at the Subject Property are too steep.

D.     The parking spaces designated as "accessible" at the Subject Property do not have blue-striped parking access aisles adjacent to them that are at the same level as the parking spaces they serve.

**COMPLAINT**

E.    The curb ramp flares are too steep and/or the curb ramps improperly extended into the access aisles.

F.    The curb cuts or curb ramps serving the Subject Property were inaccessible insofar as they were impermissibly steep.

G.    There were no accessible paths of travel from public transportations stops, accessible parking, public streets and sidewalks to the building entrances serving the Subject Property.

H.    The paths of travel serving the interior of business locations at the Subject Property do not comply with the ADA because they are too narrow.

I.    The accessible paths of travel serving the Subject Property contain areas where the slope exceeds the maximum slope permitted by the ADA.

15.    Plaintiff personally encountered one or more of the Barriers at the Subject Property in January, 2021.  Between January, 2021 and the present, the Plaintiff had personal knowledge of the existence of Barriers at the Subject Property.

16.    The existence of Barriers, the implementation of discriminatory policies, practices and procedures, and other ADA violations at the Subject Property reasonably dissuaded or deterred Plaintiff from accessing the Subject Property on a particular occasion between January, 2021 and the present.

17.    On information and belief, the remediation of violations identified hereinabove, to be identified by the Defendants in discovery, and to be discovered by Plaintiff's experts are all readily achievable in that the removal of

**COMPLAINT**

them by the Defendants is and has been easily accomplishable without much difficulty or expense.

18.     Defendants violated the ADA by failing to remove all mobility-related architectural barriers at the Subject Property.  On information and belief, Plaintiff alleges that the failure to remove barriers has been knowing, willful and intentional because the barriers described herein are clearly visible and tend to be obvious even to a casual observer and because the Defendants operate the Subject Property and have control over conditions threat and as such they have, and have had, the means and ability to make the necessary remediation of access barriers if they had ever so intended.

19.     On information and belief, access barriers at the Subject Property are being consciously ignored by the Defendants; the Defendants have knowingly disregarded the ongoing duty to remove the Barriers in compliance with the ADA.  Plaintiff further alleges on information and belief that there are other ADA violations and unlawful architectural barriers at the Subject Property that relate to Plaintiff's mobility disability that will be determined in discovery, the remediation of which is required under the ADA.

20.     Plaintiff hereby seeks to remediate and remove all barriers related to his mobility disability, whether presently known or unknown and intends to return to the Subject Property to observe and confirm whether access barriers have been removed.

21.     Even if strictly compliant barrier removal were determined to be structurally or otherwise impracticable, there are many alternative methods of providing accommodations that are readily apparent and that could provide a greater degree of accessibility to the Plaintiff and similarly situated persons ___*but for*___

the Defendants' discriminatory policies, practices and procedures and Defendants' conscious indifference to their legal obligations and to the rights of persons with mobility disabilities.  Defendants' failure to implement reasonable available alternative methods of providing access violates the ADA [42 U.S.C. § 12182(b)(2)(A)(v)].

22.     The violations and references to code sections herein are not all-inclusive.  Plaintiff will amend this complaint to provide a complete description of the full scope of ADA violations after conducting a comprehensive expert site inspection and other discovery. For the purposes of this Complaint, Plaintiff asserts that the barriers alleged herein violate one or more of the ADA's implementing regulations. The Defendants have maintained and continue to maintain discriminatory policies, procedures and practices that disregard their obligations under the ADA by allocating resources for physical improvements to the Subject Property that were did not provide legally required accessibility improvements, by failing to conduct ADA self-inspections or create ADA compliance plans regarding the Subject Property, by causing alterations to be made to the Subject Property in disregard of ADA requirements, and for failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property.  Plaintiff seeks a declaration that the Defendants' disability rights compliance policies, procedures and practices are discriminatory and violate the ADA.

– 7 –
**COMPLAINT**

## **FIRST CAUSE OF ACTION**
Discrimination Based on Disability
[42 U.S.C. §§ 12101, *et seq.*]
By Plaintiff against all Defendants

23.     Plaintiff re-alleges and incorporates by reference as though fully set forth herein the allegations contained in all prior paragraphs of this complaint.

24.     The ADA obligates owners, operators, lessees and lessors of public accommodations to ensure that the privileges, advantages, accommodations, facilities, goods and services are offered fully and equally to persons with disabilities, including the Plaintiff and others similarly situated [42 U.S.C. § 12182(a)].

25.     Discrimination is defined in the ADA, *inter alia*, as follows:

A.     A failure to remove architectural barriers where such removal is readily achievable [42 U.S.C. § 12182(b)(2)(A)(iv)].  Architectural barriers are identified and described in the Americans with Disabilities Act Accessibility Guidelines (the "ADAAG") [28 C.F.R. Part 36, Appendix "D"].

B.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of  the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities [42 U.S.C. § 12183(a)(2)].

C.     Where an entity can demonstrate that the removal of a barrier is not readily achievable, a failure to make such goods, services, facilities,

–8–
**COMPLAINT**

privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable [42 U.S.C. § 12182(b)(2)(A)(v)].

        D.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations [42 U.S.C. § 12182(b)(2)(A)(ii)].

        26.    The ADA, the ADAAG's 1991 Standards (the "1991 Standards") and 2010 Standards (the "2010 Standards"), and the California Building Code (the "CBC") contain minimum standards that constitute legal requirements regarding wheelchair accessibility at places of public accommodation:

        A.     To properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length [CBC § 11B-502.2].

        B.     One in every eight accessible spaces, but not less than one, must be served by a loading and unloading access aisle 96 inches (2438 mm) wide minimum placed on the side opposite the driver's side when the vehicle is going forward into the parking space and shall be designated van accessible. Van accessible spaces must have an additional sign or additional language stating "Van Accessible" below the symbol of accessibility. Signs identifying accessible parking spaces must be located so they cannot be obscured by a vehicle parked in

**COMPLAINT**

the space[1991 Standards § 4.6; 2010 Standards §§ 502; CBC §§ 1129B.3 and B4].

C.      Parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions [ADAAG 4.6.3; CBC § 1129B.3].

D.      Parking access aisles shall connect to accessible parking spaces and be part of an accessible route to the building or facility entrance and must be at the same level as the parking spaces they serve [1991 Standards § 4.6.3; 2010 Standards §§ 502.3 and 502.4].

E.      Curb rampsand the flared sides of curb rampsmust be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramp flares cannot be steeper than 1:10. Curb ramps at marked crossingsmust be wholly contained within the markings, excluding any flared sides [1991 Standards § 4.7.5; 2010 Standards §§406.3 and 406.5].

F.      Curb ramps must have a running slope no steeper than 1:12 [1991 Standards § 4.7.2; 2010 Standards § 405.2].

G.      At least one accessible route must be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route must, to the maximum extent feasible, coincide with the route for the general public, must connect accessible buildings, facilities, elements, and spaces that are on the same site, and at least one accessible route must connect accessible building or facility entrances with all accessible spaces and elements and with all

-10-
**COMPLAINT**

accessible dwelling units within the building or facility [1991 Standards §§4.1.2(1) and 4.3.2; 2010 Standards §§206 and 401].

   H. The minimum clear width of an accessible route is 36 in (915 mm), except at where a person in a wheelchair must make a turn around an obstruction, in which case the minimum clear width of the accessible route is set forth in Figures 7(a) and 7(b) [1991 Standards § 4.3].

   I. Slopes of a path of travel along an accessible route cannot exceed 1:48 [2010 Standards § 304.2].

   27. The Defendants have failed to comply with minimum ADA standards and have discriminated against persons with mobility disabilities on the basis of thereof.  Each of the barriers and accessibility violations set forth above is readily achievable to remove, is the result of an alteration that was completed without meeting minimum ADA standards, or could be easily remediated by implementation of one or more available alternative accommodations. Accordingly, the Defendants have violated the ADA.

   28. The Defendants are obligated to maintain in operable working condition those features of the Subject Property's facilities and equipment that are required to be readily accessible to and usable by Plaintiff and similarly situated persons with disabilities [28 C.F.R. § 36.211(a)].  The Defendants failure to ensure that accessible facilities at the Subject Property were available and ready to be used by the Plaintiff violates the ADA.

   29. The Defendants have a duty to remove architectural barriers where readily achievable, to make alterations that are consistent with minimum ADA standards and to provide alternative accommodations

-11-<br>**COMPLAINT**

where necessary to provide wheelchair access.  The Defendants benign neglect of these duties, together with their general apathy and indifference towards persons with disabilities, violates the ADA.

30.    The Defendants have an obligation to maintain policies, practices and procedures that do not discriminate against the Plaintiff and similarly situated persons with mobility disabilities on the basis of their disabilities. The Defendants have maintained and continue to maintain a policy of disregarding their obligations under the ADA, of allocating resources for improvements insufficient to satisfy legal requirements regarding accessibility improvements, of failing to conduct ADA self-inspections or create ADA compliance plans, of causing alterations to be made to the Subject Property in disregard of ADA requirements, and of failing and refusing to make necessary accommodations for persons with mobility disabilities at the Subject Property, in violation of the ADA.

31.    The Defendants wrongful conduct is continuing in that Defendants continue to deny full, fair and equal access to their business establishment and full, fair and equal accommodations, advantages, facilities, privileges and services to Plaintiff as a disabled person due to Plaintiff's disability. The foregoing conduct constitutes unlawful discrimination against the Plaintiff and other mobility disabled persons who, like the Plaintiff, will benefit from an order that the Defendants remove barriers and improve access by complying with minimum ADA standards.

**COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

Plaintiff prays to this Court for injunctive, declaratory and all other appropriate relief under the ADA , including but not limited to reasonable attorney's fees, litigation expenses and costs of suit pursuant to 42 U.S.C. § 12205.

> **Note**:  Plaintiff is not invoking *Cal. Civil Code* § 55 and does not seek injunctive relief under the Unruh Act or Disabled Persons Act at all by way of this action.

Respectfully submitted,

Dated: 01/10/2022                LAW OFFICES OF ROSS CORNELL, APC


By:   /s/ Ross Cornell
                    Ross Cornell, Esq.,
                    Attorneys for Plaintiff,
                    Bryan Estrada

-13-
**COMPLAINT**